Ficklin & Lucas v. Zwart, et al.

FICKLIN & LUCAS v. ZWART, *et al.*

1. USURY.  In judgments for usury, the interest should be computed at
   the rate of ten per cent per annum upon the sum loaned from the date
   of the contract to the date of the judgment.

*Appeal from Lee District Court.*

WEDNESDAY, APRIL 18.

ACTION on a promissory note for the sum of $250, bearing
date of November 1st, 1857, and payable ninety days after
date.

On the 21st day of September, 1859, judgment was ren-
dered in favor of plaintiffs for the principal sum loaned,
($230,) and in favor of the State of Iowa, for the use of the
School Fund, for the interest thereon, at the rate of ten per
cent per annum to the date last above mentioned.   Defend-
ants appeal.

*Claggett, Brown & Claggett* for the appellants.

*S. A. Rice,* Attorney General, for the State, relied upon
*Smith, Twogood & Co.* v. *Coopers & Clarke,* 9 Iowa 376.

BALDWIN, J.—Judgment was rendered in favor of the
State of Iowa, for the use of the School Fund, against de-
fendants, for the sum of $42.10, being a forfeiture of ten
per cent per annum, upon the amount of a contract between
plaintiffs and defendants, which the court ascertained to be
usurious.  It is claimed by defendants that the judgment in
favor of the State was for a sum greater than authorized by
law.

The sum of money borrowed by the defendants from
plaintiffs was $230.30, and for the term of sixty days, and
the judgment in favor of the State was for ten per cent
upon that amount from the date of the contract until the
date of the judgment—nearly two years.   It is provided by
section 5, chapter 37 of the Acts of 1853, "that if it is as-
certained, in any suit upon a contract, that a rate of inter-
est has been contracted for, greater than is authorized by
law," "the same shall work a forfeiture of *ten per cent per
annum* upon the amount of such contract."   The construc-
tion the appellants claim should be given to this law is as
follows: "That as the law says the amount of forfeiture
shall be ten per cent per annum upon the contract sued on,

that it means the contract which the parties have themselves made, and not the contract which the law may attach to the stipulations of the parties, in addition to those stipulations," and that the judgment should be for ten per cent, only from the date of the contract until the day it became due.   We think this is not the proper construction of this section. It is ten per cent per annum upon the *amount of such contract* that is forfeited to the State, when the contract is found to be usurious,   It is the contract sum that shall bear ten per cent per annum, as long as such contract exists.   Its usurious nature, or *taint*, does not cease when the note falls due, but continues until judgment.   The lender is the one who is punished for his violation of the law, and the party borrowing is required to pay a reasonable compensation for the use of the money; but the law compels him to pay it to the School Fund instead of paying it to the usurer.

Judgment affirmed.